IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CLINT S. RAMOS, | § | |
| | § | No. 379, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1107020064 (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 14, 2021
Decided: February 14, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## O R D E R

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     Clint S. Ramos filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Ramos' opening brief that his appeal is without merit.  We agree and affirm.

(2)     In 2012, Ramos pleaded guilty to two counts of third-degree burglary (the "burglary case").  The Superior Court immediately sentenced Ramos as follows: (i) for the first count of third-degree burglary, to three years of Level V incarceration, suspended after one year for decreasing levels of supervision, and (ii) for the second

count of third-degree burglary, to three years of Level V incarceration, suspended for one year of Level III probation. Ramos did not appeal his convictions or sentence.

(3) Between 2014 and 2016, the Superior Court found Ramos in violation of the terms of his probation and re-sentenced him on three occasions. In 2017, Ramos picked up new criminal charges. On April 13, 2017, Ramos resolved these new criminal charges by pleading guilty to one count of second-degree forgery (the "forgery case"). The Superior Court immediately sentenced him to two years of Level V incarceration, suspended for one year of Level II probation. Between 2018 and 2020, the Superior Court found Ramos in violation of the terms of his probation and re-sentenced him in both the burglary case and the forgery case on two occasions.

(4) On April 26, 2021, the Superior Court again found Ramos in violation of the terms of his probation in both cases. The Superior Court sentenced Ramos as follows: (i) for the first count of third-degree burglary, to one year and eight months of Level V incarceration, suspended after one year followed by decreasing levels of supervision; (ii) for the second count of third-degree burglary, to one year of Level V incarceration, suspended for decreasing levels of supervision; and (iii) for second-degree forgery, to one year and one month of Level V incarceration, suspended for decreasing levels of supervision. In the following months, Ramos filed three

2

motions for sentence modification or reduction, all of which the Superior Court denied.

(5)     On November 15, 2021, Ramos filed a motion for correction of sentence under Superior Court Criminal Rule 35(a).  Ramos claimed that he was illegally sentenced to nineteen months of Level V incarceration "for a petty violation of probation," which exceeded the maximum presumptive sentence and made his sentence vague, ambiguous, and internally contradictory.  The Superior Court denied the motion.  The Superior Court found that the motion was repetitive; the sentence was imposed after a violation-of-probation hearing and Ramos is not amenable to probation at this time; and the sentence is appropriate for all the reasons stated at sentencing.  This appeal followed.

(6)     On appeal, Ramos argues that the Superior Court erred by treating his motion for sentence correction under Rule 35(a) as a motion for sentence modification under Rule 35(b) and that his sentence impermissibly exceeds the Truth-in-Sentencing Act ("SENTAC") guidelines.  A motion for correction of an illegal sentence under Rule 35(a) is very narrow in scope.[1]  A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term

_____

[1] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

3

required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[2]

(7)     Although it appears that the Superior Court mistakenly treated Ramos' motion as a motion for sentence modification under Rule 35(b), we nonetheless affirm the Superior Court's denial of Ramos' motion on the independent and alternative grounds that it lacked merit under Rule 35(a).[3]  When sentencing a defendant for a violation of probation, 11 *Del. C.* § 4334(c) authorizes the trial court to impose the balance of the Level V time remaining to be served on the original sentence "or any lesser sentence."[4]  The record reflects that Ramos' VOP sentence did not exceed the time remaining on his prior sentences.  And a sentence is not illegal simply because it exceeds the SENTAC guidelines.[5]

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/Karen L. Valihura*
Justice

---

[2] *Id.*

[3] *See Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

[4] 11 *Del. C.* § 4334(c).

[5] *Walters v. State*, 2013 WL 4540040, at *1 (Del. Aug. 23, 2013) (citing *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992) ("It is established Delaware law that a defendant has no legal or constitutional right to appeal a statutorily authorized sentence simply because it does not conform to the [SENTAC guidelines.")).